**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2805
_____

DAVID B. DOWNS,
MARGARET A. DOWNS,H/W
                                        Appellants

v.

BOROUGH OF JENKINTOWN;
SEAN P. KILKENNY;
DEBORA PANCOE;
RICHARD BUNKER;
GEORGE LOCKE

_____

Appeal from the United States District Court
For the Eastern District of Pennsylvania
(District Court No. 2:18-cv-04529)
District Judge: Hon. Jan E. DuBois

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 13, 2021

Before: McKEE, JORDAN and FUENTES, *Circuit Judges*

(Opinion filed: June 16, 2021)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McKee, *Circuit Judge*.

David and Margaret Downs appeal the District Court's grant of summary judgment in favor of the Borough of Jenkintown, and certain of its employees and councilmembers. The Court found that defendants Debora Pancoe and Richard Bunker were not personally involved in the alleged retaliation, that George Locke was entitled to qualified immunity, and that there was no basis for municipal liability on the Downses' claims of retaliation under 42 U.S.C. § 1983. For the reasons that follow, we will affirm.

**I.**

Qualified immunity "shields public officials performing discretionary functions from § 1983 . . . liability 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[1] The doctrine therefore turns on whether a "clearly established" constitutional right was violated, and whether a "reasonable [official] would have believed that his or her conduct deprived the plaintiff of his or her constitutional rights."[2] We have previously held that reliance on advice of counsel creates a presumption of qualified immunity.[3]

The Downses argue that this qualified immunity defense should fail, as the "unpublished and unknown ruling articulated by [the Magisterial District] Judge"

---

[1] *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 192 (3d Cir. 2005) (quoting *Abbott v. Latshaw*, 164 F.3d 141, 148 (3d Cir. 1998)).

[2] *Id.* (citing *Abbott*, 164 F.3d at 148).

[3] *See Kelly v. Borough of Carlisle*, 622 F.3d 248, 255-56 (3d Cir. 2010) (holding that "a police officer who [reasonably] relies in good faith on a prosecutor's legal opinion. . . is presumptively entitled to qualified immunity from Fourth Amendment claims premised on a lack of probable cause.").

constitutes disputed issues of fact.[4]  It is uncontested that the Magisterial District Judge

made an oral ruling expanding the definition of an impact business, in the presence of the

Borough Solicitor.  Locke consulted the Borough Solicitor when deciding whether to

issue a Notice of Violation to the Downses.  The Solicitor advised Locke that he had a

"reasonable basis" based on the Judge's ruling.[5]  Nothing in the record refutes that

testimony and we therefore agree that there was no genuine issue of material fact as to the

Judge's ruling.[6]

The District Court also correctly determined that Borough councilmembers

Debora Pancoe and Richard Bunker did not actively participate in, or direct, any

retaliation in violation of 42 U.S.C. § 1983.[7]  While the councilmembers were potentially

aware of the notices that the claim of retaliation is based on, the issuing and subsequent

---

[4] Appellants' Br. at 37, 40–41.

[5] *Id*. at 357a-58a (p. 49:23-50:7).

[6] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986); *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 272 (3d Cir. 2007) ("[I]n considering a motion for summary judgment the court should believe uncontradicted testimony unless it is inherently implausible . . . .").  Even if we interpreted the Downses' denial that there was a pertinent ruling from the Magisterial District Judge as sufficient to create a genuine issue of fact, we would affirm the District Court's grant of qualified immunity on the alternative ground that Locke did not violate a clearly established constitutional right. *See Reichle v. Howards*, 566 U.S. 658, 665 (2012) (explaining that "the right allegedly violated must be established not as a broad general proposition, but in a particularized sense so that the contours of the right are clear to a reasonable official[.]" (internal quotation marks and citations omitted)); *Mirabella v. Villard*, 853 F.3d 641, 653 (3d Cir. 2017) (applying *Reichle* and defining the right as "the right to be free from a retaliatory restriction on communication with one's government, when the plaintiff has threatened or engaged in litigation against the government.").

[7] *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 907 (3d Cir. 1997) ("In order to state a [§ 1983] claim, plaintiff must show that defendants, acting under color of state law, deprived him of a right secured by the Constitution . . . .").

reissuing of the Notice of Violation were clearly within Locke's sole discretion. He testified without contradiction to his independent authority to issue the notices.[8]

Seeking to establish municipal liability, the Downses further contend that Pancoe, Bunker, and Locke were policymakers acting on behalf of the Borough to enforce an illegal practice or custom. However, as discussed earlier, the record would not support a conclusion that Pancoe or Bunker violated any constitutional right. Thus, although they may be policymakers for purposes of § 1983, municipal liability cannot be predicated on their actions.[9] Moreover, we explained in *Brennan v. Norton* why someone in Locke's position cannot be a policymaker for purposes of municipal liability.[10] Thus, the District Court correctly determined that the Borough was immune from liability.

Although the Downses contend that the Borough had a custom of selectively enforcing its zoning code, the record does not support that assertion. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise

---

[8] *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (highlighting that personal involvement must be demonstrated by outlining "participation in or actual knowledge of and acquiescence in the wrongful conduct." (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988))).

[9] *See Williams v. Borough of West Chester*, 891 F.2d 458, 467 (3d Cir. 1989) ("[The municipality] cannot be vicariously liable under *Monell* unless one of [its] employees is primarily liable under section 1983 itself.").

[10] 350 F.3d 399, 428 (3d Cir. 2003) (emphasizing that "if a municipal employee's decision is subject to review, even discretionary review, it is not final and that employee is therefore not a policymaker for purposes of imposing municipal liability under § 1983." (citation omitted)).

properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."[11]

For the foregoing reasons, we will affirm the District Court's order granting summary judgment to all defendants.

---

[11] *Anderson*, 477 U.S. at 247–248 (emphasis in original); *see also St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (recognizing that a widespread practice, even if not authorized by law or express policy, may be utilized to find municipal liability under § 1983 so long as the practice is "so permanent and well settled as to constitute a 'custom . . .' with the force of law." (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970))).